IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KATHERINE BOATMAN                                                                        PLAINTIFF

V.                                              3:11CV00046 JMM

FACILITIES PERFORMANCE GROUP, LLC                                    DEFENDANT

## ORDER

Pending is the Defendant's motion for judgment on the pleadings. (Docket # 6). Plaintiff has responded and Defendant has filed a reply.

Plaintiff filed her complaint in the Circuit Court of Mississippi County, Arkansas on January 24, 2011. Defendant removed the action to this Court on March 10, 2011 based on diversity jurisdiction. Plaintiff's complaint alleges causes of action for violations of Title VII of the Civil Rights Act of 1964 and the Arkansas Constitution and makes state law claims for wrongful discharge and outrage. Plaintiff complains that she was wrongfully terminated from her employment based upon her race and in retaliation for taking leave for gallbladder surgery. Defendant contends that Plaintiff's Title VII claim must be dismissed for failure to exhaust and she has failed to allege sufficient facts to support a constitutional claim or her state law claims.

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir.2002) (citing *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir.2000)). As a general rule, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. *See*

*Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir.2009), *cert. denied*, ___U.S. ___, 130 S.Ct. 3507, 177 L.Ed.2d 1092 (2010). The facts alleged in the complaint " 'must be enough to raise a right to relief above the speculative level.' " *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

According to the facts alleged in Plaintiff's complaint, she was hired by the Defendant in March 2009 as a janitor at the Nucor Steel facility in Hickman, Arkansas. In January 2010, Plaintiff became ill and it was determined that she needed to have her gallbladder removed. Plaintiff contends that on January 26, 2010, she told her supervisor that she needed to take a medical leave of absence for her surgery and recovery. Plaintiff's surgery was scheduled for February 20, 2010. The last day Plaintiff worked was February 8, 2010. Plaintiff claims that between January 26 and February 8, 2010 she tried to arrange her leave with the Defendant. Plaintiff provided documentation of her gallbladder condition and was allegedly met with delays and talked to disrespectfully. Plaintiff contends that when she had a doctor's appointment she was required to provide a note from the doctor when other white employees were not. Plaintiff requested the paperwork for her leave and it was never provided. She requested six weeks off in order to recover from surgery. The Defendant scheduled Plaintiff to return to work on February 23, 2010 and she was terminated on February 26, 2010 for failure to return to work on February 23 through 25, 2010. Plaintiff claims that she was still recovering from surgery and waiting on the paperwork to secure her leave.

On May 7, 2010, Plaintiff filed a charge of discrimination with the EEOC stating as follows:

> I was hired on March 27, 2009, as a Janitor. I was denied light duty on February 11, 2010. I was discharged on February 26, 2010.
>
> I was not given a reason for being denied light duty. I was told I was discharged for no call/no show.
>
> I believe I was denied light duty and discharged because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

Plaintiff checked the box for discrimination based on disability.

Plaintiff's complaint asserts three causes of action: Count I: Violation of Title VII of the Civil Rights Act of 1964 and the Arkansas Constitution for race discrimination; Count II: wrongful discharge under Arkansas law, and Count III: Outrage. Plaintiff's complaint also claims that she was discharged in retaliation for taking leave for her gallbladder surgery.

Title VII requires administrative exhaustion before filing a lawsuit. *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S.Ct. 2162, 2166 (2007). In order to exhaust one's administrative remedies, an individual must timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge. 42 U.S.C. § 2000e-5(e). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Drawing all inferences in favor of Plaintiff, her claim with the EEOC mentions only discrimination based on disability. Since Plaintiff's charge does not allege race discrimination or retaliation and these two types of discrimination are unrelated to disability discrimination, they remain unexhausted. An employee may not bring allegations in a Title VII action if they go beyond those that "could reasonably be expected to grow out of the charge of discrimination" filed with the EEOC. *Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir.1998). *See also, Pointer v.. Mo. Dep't of Corr.,* 105 Fed. Appx. 120, 121 (8th

Cir.2004)(where *pro se* litigant did not check the box for race discrimination on his formal charge, the race discrimination claim was barred because the plaintiff did not exhaust his administrative remedies). Accordingly, Plaintiff's Title VII claim for race discrimination is dismissed for failure to exhaust.

Arkansas is an at-will employment state. *Magic Touch Corp. v. Hicks*, 99 Ark. App. 334, 335-36, 260 S.W.3d 322, 324 (2007). "[A]n at-will employee may be discharged for good cause, no cause, or even a morally wrong cause." *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683, 684 (1991). "Exceptions to the at-will employment doctrine exist where an employee is discharged for: (1) refusing to violate a criminal statute; (2) exercising a statutory right; or (3) complying with a statutory duty." *Posluns v. Education Management Corp.*, LLC 2010 WL 5346886, 2 (E.D. Ark. Dec. 21, 2010). Although Arkansas law also recognizes a cause of action for wrongful discharge when an employee is discharged in violation of a well-established public policy of Arkansas, that exception is "limited" and "does not protect 'private' or 'proprietary' interests." *Id*. (citing *Smith*, 804 S.W.2d at 684). A discharge violates public policy only when the basis for termination is "so repugnant to the general good as to deserve the label 'against public policy.'" *Id*. (quoting *Lucas v. Brown & Root, Inc.*, 736 F.2d 1202 (8th Cir. 1984).

Plaintiff relies on Arkansas' general public policy of good faith and fair dealing to support her wrongful discharge claim. However, this argument has been expressly rejected. In *Smith v. Southern Starr of Arkansas, Inc.*, 700 F.Supp. 1026, 1027 (E.D.Ark.1988), the plaintiff alleged his termination violated the "well-established public policy of good faith and fair dealing

implied in every contractual relationship." The court rejected his claim, stating that such a theory would "completely swallow the rule" of termination at will. Plaintiff also cites the Arkansas State Constitution, Article 2, Section 3, prohibiting race discrimination, to support her wrongful discharge claim. However, Plaintiff's conclusory allegations that race was a motivating factor in her discharge is insufficient to state a cause of action of wrongful discharge on the basis of race. Further, Plaintiff's claim that she was required to submit doctor's excuses and white employees were not does not support an inference that race was the motivating factor in Plaintiff's discharge. Plaintiff fails to identify other individuals who received more favorable treatment nor did she indicate how she and these other individuals are similarly situated. Accordingly, Plaintiff's wrongful discharge claim is dismissed.

Finally, Plaintiff brings a state law claim of outrage based on her termination. In order to state a cause of action for the tort of outrage, the Plaintiff must establish: (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the Defendant were the cause of the Plaintiff's distress; and (4) the emotional distress sustained by the Plaintiff was so severe that no reasonable person could be expected to endure it. *Cincinnati Life Ins. Co. v. Mickles*, 85 Ark. App. 188, 148 S.W.3d, 768, 774 (Ark.App., 2004). The Arkansas Supreme Court has taken a strict view in recognizing such a claim in an employment setting. *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991). Further, the Court has held that "[b]ecause of the employer's right to discharge an at-will employee, a claim of outrage by an at-will employee cannot be predicated upon the fact of the discharge alone." *Harris v. Arkansas Book Co.*, 287 Ark. 353, 356, 700 S.W.2d 41,43 (1985). Here, Plaintiff

alleges that the Defendant's conduct in discharging her while she was recovering from surgery and on medication was extreme and outrageous. The Court finds that these allegations do not meet the strict standards required to state a cause of action for outrage. Accordingly, Plaintiff's claim for the tort of outrage is dismissed.

For these reasons, Defendant's motion for judgment on the pleadings is GRANTED.

IT IS SO ORDERED this 15th day of November, 2011.

_____
James M. Moody
United States District Judge